UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 13 |
| | ) | Case No. 14-40938-MSH |
| VICENTE MENDEZ | ) ) | |
| Debtor | ) ) | |

## MEMORANDUM OF DECISION ON MOTION FOR NUNC PRO TUNC RELIEF FROM STAY

New York Community Bank has moved for *nunc pro tunc* relief from the Bankruptcy Code § 362 automatic stay. After an evidentiary hearing and for the reasons that follow, I find that the circumstances of this case warrant granting the bank the relief it seeks.

*Facts*

In June 2006, Mr. Mendez executed a note payable to Drew Mortgage Associates, Inc. accompanied by a mortgage on the property at 51 Lakewood Street, Worcester, Massachusetts securing his obligations thereunder. The note and mortgage were later assigned to the bank.

On April 23, 2013, Mr. Mendez filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (11. U.S.C. § 101 *et seq.*). On July 11, 2013, by order of the court, the bank was granted relief from the automatic stay allowing it to exercise its rights with respect to the Lakewood Street property, including foreclosure and eviction. By order dated November 8, 2013, Mr. Mendez was granted his chapter 7 discharge.

On May 1, 2014, at 10:30 a.m., with knowledge that the bank intended to sell the Lakewood Street property at a foreclosure auction at 11:00 a.m. that day, Mr. Mendez filed another voluntary bankruptcy petition, this time under chapter 13 of the Code. As of May 1,

1

2014, Mr. Mendez was 41 payments in arrears on his mortgage loan for a total arrearage of $80,873.54. The total amount owed to the bank was $346,595.52. The bank's May 2, 2014, appraisal valued the property at $176,800. On May 1, 2014, at 10:57 a.m., Mr. Mendez's counsel faxed notice of the bankruptcy filing to the bank's counsel. The fax cover sheet referenced an incorrect case number.[1] The fax was received at 10:58 a.m., however, the auctioneer did not hear about the filing until after the auction had been concluded.

The bank has requested stay relief because, pursuant to Bankruptcy Code § 362(d)(2), there is no equity for Mr. Mendez or his bankruptcy estate in the Lakewood Street property and it is not necessary for an effective reorganization. The bank seeks *nunc pro tunc* relief, presumably to the petition date, so that its foreclosure sale will not be a nullity.

*Analysis*

Pursuant to Bankruptcy Code § 362(a)(1), "the filing of a bankruptcy petition automatically stays all post-petition acts against a debtor and property of the debtor's estate, subject to limited exceptions." *Bright v. Wash. Mut. Bank, F.A.*, (*In re Bright*), 338 B.R. 530, 534 (B.A.P. 1st Cir. 2006). The automatic stay is a fundamental protection under federal bankruptcy law which provides the debtor "breathing room" from the pressures of his creditors. *Id.* Section 362(a)(3) of the Bankruptcy Code prohibits any post-petition actions by creditors to exercise control over property of the estate during the operation of the stay. *Id.* "[I]f a party in interest wishes to enforce a claim or lien against property of the estate it must obtain relief from the stay from the bankruptcy court." *Id.* at 534-535.

Actions taken in violation of the automatic stay are void. *Soares v. Brockton Credit*

---

[1] The case number in the fax was 11-40938. The actual case number is 14-40938.

*Union* (*In re Soares*), 107 F.3d 969, 976 (1st Cir. 1997). However, in *Soares* the court held that bankruptcy courts are authorized to retroactively annul the automatic stay, thus validating actions which otherwise would be void, when warranted by equitable considerations. *Id. See also Bright*, 338 B.R. at 535.

Because the stay is a fundamental protection of the Bankruptcy Code, it should not be lifted retroactively unless the facts are both "unusual and unusually compelling." *Soares*, 107 F.3d at 977. Further, *Soares* provides specific examples of situations where a court may exercise its limited discretion to grant retroactive relief: one example is when a creditor inadvertently violates the automatic stay because it lacked knowledge of the bankruptcy filing. *Id.*

### *Unusual*

The facts of this case are unusual. Notice of the bankruptcy was provided to the bank's law firm via fax *two minutes* prior to the start of the foreclosure auction. No one showed up at the auction, which was held on the property, to inform the auctioneer about the bankruptcy filing. There were no phone calls or emails to anyone who could potentially stop the auction. Aside from the single fax, there were no other attempts to halt the impending auction. All faxes to bank's counsel are received by the firm's receptionist. Unless the fax indicates an emergency, which the fax here did not, faxes are treated like incoming mail and delivered to the addressee during the course of the day but not immediately upon receipt. Additionally, the fax cover sheet referenced an incorrect case number.

### *Unusually Compelling*

The facts of this case are unusually compelling. Section 362(d)(2) of the Bankruptcy Code states that relief from stay is justified when the debtor or the estate lacks equity in the

3

property and the property is not necessary for an effective reorganization. As the appraisal and mortgage balance establish, there is no equity in the Lakewood Street property. Additionally, due to the significant pre-petition mortgage arrears, Mr. Mendez's amended Chapter 13 plan calls for monthly payments of $1,894.00 which includes amounts necessary to amortize the arrearage. However, schedule J of Mr. Mendez's schedules of assets and liabilities filed with his bankruptcy petition establishes that he has only $361 in net monthly income with which to make plan payments. Since it is patently unfeasible for Mr. Mendez both to keep the Lakewood Street property and successfully reorganize under chapter 13, I find that the property is not necessary for an effective reorganization.

The bank obtained relief from the automatic stay in Mr. Mendez's prior chapter 7 case. The record in that case indicates that stay relief was granted over Mr. Mendez's opposition Mr. Mendez filed his petition in this case thirty minutes before the property was scheduled to be auctioned. The inescapable conclusion is that the commencement of this case was simply a last ditch and bad faith attempt to interfere with the relief granted to the Bank in the prior case and I so find.

Finally, "[t]here is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." *Bank of Marin v. England*, 385 U.S. 99, 103 (1966). Denying the bank retroactive relief would violate those principles because it would invalidate the foreclosure sale of the Lakewood Street property and force the bank to start from scratch despite the obvious fact that the bank is entitled to relief from the automatic stay and in fact had already obtained that relief in Mr. Mendez's prior case.

*Conclusion*

For the reasons stated, there are unusual and unusually compelling circumstances warranting retroactive annulment of the automatic stay. Accordingly, the Bank's motion for *nunc pro tunc* relief from the automatic stay will be granted. A separate order shall issue.

At Worcester, Massachusetts this 22nd day of August, 2014.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Laird J. Heal, Esq.
                     Worcester, MA
                     For Vicente Mendez

                     Michael P. Marsille, Esq.
                     Beverly, MA
                     for New York Community Bank